ACCEPTED
08-15-00125-CR
EIGHTH COURT OF APPEALS
EL PASO, TEXAS
10/1/2015 3:25:03 PM
DENISE PACHECO
CLERK

**NO ORAL ARGUMENT REQUESTED**

**CAUSE NO. 08-15-00125-CR**

**IN THE
COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS**

FILED IN
8th COURT OF APPEALS
EL PASO, TEXAS

10/1/2015 3:25:03 PM

DENISE PACHECO
Clerk

_____

**ROBERT JEFFERY LILLER,**
Appellant

**V.**

**THE STATE OF TEXAS,**
Appellee

_____

**Appealed from the 109th Judicial District Court
Of Andrews County, Texas
HONORABLE MARTIN B. MUNCY,
JUDGE PRESIDING**

_____

**BRIEF FOR APPELLEE**

_____

**Timothy J. Mason
State Bar No. 00797017
County / District Attorney
121 NW Ave. A
Andrews, Texas 79714
PHONE: (432) 524-1405
FAX: (432) 524-5839
tmason@co.andrews.tx.us**

**ATTORNEY FOR APPELLEE**

# TABLE  OF  CONTENTS

TABLE OF CONTENTS ................................................................... ii

TABLE OF AUTHORITIES .............................................................. iii

STATE'S REPLIES TO ISSUES PRESENTED FOR REVIEW ..... 2

    State's Reply to Issue One ........................................................... 2

    State's Reply to Issue Two ........................................................... 2

STATEMENT OF FACTS ................................................................. 3

    State's Reply to Issue One ........................................................... 3

Argument ......................................................................................... 4

    State's Reply to Issue Two ........................................................... 7

    Argument ...................................................................................... 8

PRAYER ........................................................................................... 9

CERTIFICATE OF SERVICE ......................................................... 9

CERTIFICATE OF COMPLIANCE ............................................... 10

# TABLE OF AUTHORITIES

Cases

*Bondurant v. State*, 956 S.W.2d 762, 766 (Tex. App.--Fort Worth 1997, pet. ref'd) .........................................................................................5

*Cantu v. State*, 842 S.W.2d 667, 682 (Tex. Crim. App. 1992).............4,8

*Couchman*, 3 S.W.3d at 159 .........................................................5

*Reyes v. State*, 48 S.W.3d 917, 919-920 (Tex. App.--Fort Worth 2001, no pet.)..................................................................................... 5

*Wood v. State*, 18 S.W.3d 642, 652 (Tex. Crim. App. 2000) .....................5

*Zuliani v. State*, 97 S.W.3d 589, 595 (Tex. Crim. App. 2003).............4,8

Statutes and Rules

TEX. R. EVID. 803...................................................................4

CAUSE NO. 08-15-00125-CR


IN THE
COURT OF APPEALS
EIGTH DISTRICT OF TEXAS
EL PASO, TEXAS
_____


ROBERT JEFFERY LILLER,
Appellant

V.

THE STATE OF TEXAS,
Appellee
_____


Appealed from the 109th Judicial District Court
Of Andrews County, Texas
Honorable Martin B. Muncy
JUDGE PRESIDING
_____


BRIEF FOR APPELLEE
_____


TO THE HONORABLE JUSTICES OF THE COURT OF APPEALS:

COMES NOW the appellee, the State of Texas, and files the State's brief on appeal in reply to the brief by the appellant, and in support thereof would show the Court as follows:

1

# STATE'S REPLIES TO ISSUES PRESENTED    FOR REVIEW

## State's Reply to Issue  One

The trial court did not abuse its discretion in admitting a statement as an excited utterance.

## State's Reply to Issue  Two

The trial court did not abuse its discretion in admitting a statement it determined to not be speculative.

# STATEMENT  OF  THE CASE

Appellant was charged by indictment for the offense of Unlawful Possession of a Firearm (C.R. at 5 ). Appellant proceeded to trial and was found guilty by a jury (C.R. at 46; R.R. at 99). The jury sentenced Appellant to a term of incarceration of 13 years in the Institutional Division, TDCJ and a fine of $ 5,000 (C.R. at 52). Appellant filed a timely Notice of Appeal (C.R. at 58).

## STATEMENT OF FACTS

In accordance with TEX. R. APP. PRO. 9.7 and 38.2(a)(1)(B), the State adopts the Statement of Facts contained in the Appellant's Brief on page 3. The State will supplement as necessary in the Argument portion of the brief.

## ARGUMENT AND AUTHORITIES

### State's Reply to Issue One

The trial court did not abuse its discretion in admitting a statement as an excited utterance.

### Summary of Argument

The admissibility of an out of court statement under the exceptions to the general hearsay exclusion rule is within the court's discretion. Therefore, a reviewing court should not reverse unless a clear abuse of discretion is shown. The trial court abuses its discretion when the decision lies outside the zone of reasonable disagreement. In this case, the deputy testified that the victim

3

was very angry, agitated and excited upon the deputy's arrival. The determination that the statement was an excited utterance is not an abuse of discretion. Additionally, the victim testified at trial to making the statements without objection from defense counsel.

## **Argument**

The trial court did not err in admitting a statement as an excited utterance. A trial court's decision to admit evidence over objection is reviewed under an abuse of discretion standard. *Zuliani v. State*, 97 S.W.3d 589, 595 (Tex. Crim. App. 2003). The trial court abuses its discretion when the decision lies outside the zone of reasonable disagreement. *Cantu v. State*, 842 S.W.2d 667, 682 (Tex. Crim. App. 1992). The rules of evidence provide an exception to the hearsay rule for excited utterances, described as: A statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition. TEX. R. EVID. 803(2). This exception is founded on the belief that the statements made are involuntary and do not allow the declarant an adequate opportunity to

4

fabricate, ensuring their trustworthiness. _Couchman_, 3 S.W.3d at  159. The declarant's availability to testify as a witness is immaterial when determining whether a statement is admissible under the excited utterance exception to the hearsay rule. TEX. R. EVID. 803. To determine whether a statement qualifies as an excited utterance, (1) the statement must be the product of a startling occurrence, (2) the declarant must have been dominated by the emotion, excitement, fear, or pain of the occurrence, and (3) the statement must be related to the circumstances of the startling occurrence. _Couchman_, 3 S.W.3d at  159. Other factors the court may consider are whether the statement is spontaneous or in response to questions and how much time has elapsed between the startling event and the statement. See _Wood v. State,_ 18 S.W.3d 642, 652 (Tex. Crim. App. 2000) (evaluating whether statement was excited utterance after fourteen-hour delay); _Bondurant v. State_, 956 S.W.2d 762, 766 (Tex. App.--Fort Worth 1997, pet. ref'd) (determining that statement was excited utterance even though made in response to questions). _Reyes v. State_, 48 S.W.3d 917, 919-920  (Tex. App.--Fort Worth 2001,  no pet.)  Appellant concedes in his brief  that a startling event has occurred, and the statements made related to the

5

circumstances of the event. (Appellant's Brief P. 6). Appellant's only question is whether or not "the declarant was dominated by the emotion, excitement, fear or pain of the event". (Appellant's Brief P. 6). Deputy Enriquez testified he arrived on scene 10 – 15 minutes after receiving the call. (R.R. P 36 – L 10-11 ). On direct examination, Deputy Enriquez testified upon arrival, the victim was "very angry, very agitated, and upset" (R.R. P. 30 L 3-5). Deputy Enriquez was asked if upon his arrival Mr. Mull (victim) was "still excited" and his answer was "he was still excited" (R.R. P. 30 L 14-16). Lastly on direct examination, Deputy Enriquez was asked if Mr. Mull was excited when he related to you what was said ? To which he replied, "yes sir." (R.R. P 30 L 17 – 19).

Deputy Enriquez's responses to Appellant's questions on cross-examination further support the trial court's finding of this statement being an excited utterance. Defense counsel asked Deputy Enriquez if he (Mr. Mull) was upset to which he replied, yes sir . (R.R. P36 L10-11) and then went further, asking "Did he seem scared ?" Deputy Enriquez replied, "yes sir… I had to ….I remember I had to calm him down. I had to verbally calm him down." (R.R. 36 L14-17). This testimony

6

certainly provides the trial court with enough evidence to find that all elements of the excited utterance exception have been satisfied and as such, the trial court did not abuse its discretion in allowing the statement in to evidence as an excited utterance. Additionally, Mr. Mull testified and was cross-examined by Appellant's counsel regarding statements made to Deputy Enriquez (R.R. P 55 L13 -15; P 58 L12-25; P 59 L 1-18). The victim testifying to what he told the deputy would not be hearsay and therefore this testimony admitted without objection would waive any prior objection.

## State's Reply to Issue  Two

The trial court did not abuse its discretion in admitting a statement it determined to not be speculative.

## Summary  of Argument

The admissibility of statements is within the trial    court's discretion and a reviewing court should not reverse unless a clear abuse of discretion is shown.    The statement at issue was not a speculative answer to a question of future dangerousness  as alluded to by

7

Appellant. The victim was asked why he was in court to testify and gave his reason that he didn't want the defendant to do this to anyone else. He was not asked to speculate whether the defendant would do something like this again or about his opinion on the defendant. The statement was the victim's personal reason for testifying, which is only based on his personal knowledge.

## **Argument**

A trial court's decision to admit evidence over objection is reviewed under an abuse of discretion standard. *Zuliani v. State*, 97 S.W.3d 589, 595 (Tex. Crim. App. 2003). The trial court abuses its discretion when the decision lies outside the zone of reasonable disagreement. *Cantu v. State*, 842 S.W.2d 667, 682 (Tex. Crim. App. 1992). Appellant takes issue with Mr. Mull's response to the question of why he is in court to testify. "Why are you here to testify?" (R.R. P 56 L12) to which the victim replied "Because I – He's going to end up doing this to somebody else, and he's going to end up—" (R.R. 56 L13-14). Appellant objected and the objection was overruled by the trial court. The Judge stated "It's his reason for testifying. Overruled". (R.R. 56

L17-18). Appellant asks this court to analyze the content of the statement and find the content to be based on speculation. Mr. Mull's reason for testifying is simply his reason for testifying. Under the argument of Appellant, had Mr. Mull's reason for testifying been that he was afraid the world would end if he didn't testify, Appellant would argue the testimony was speculative because Mr. Mull could have no personal knowledge of the future and would thus exclude the statement. Clearly the argument is misplaced. Because the statement answers a direct question that is only within the knowledge of the witness, Mr. Mull, the statement is not speculative and the court was correct in allowing it into evidence.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** the Appellee prays that this Honorable Court affirm the judgment of conviction.

Respectfully submitted,

*Timothy J. Mason*

Timothy J. Mason
SBN: 00797017
Andrews County / District Attorney
121 NW Ave A
Andrews, Texas 79714
432-524-1405
432-524-5839 fax
tmason@co.andrews.tx.us

## CERTIFICATE OF SERVICE

I, Timothy J. Mason, do hereby certify that on the 1st day of October, 2015, I sent a true and correct copy of the foregoing Brief for Appellee by hand delivery or United States mail to Josh Stephens, attorney of record for the Appellant, at 214 W. Texas Ave., Ste. 601, Midland TX, 79701.

*Timothy J. Mason*

Timothy J. Mason
Andrews County / District Attorney

# CERTIFICATE  OF  COMPLIANCE

I certify the Brief for Appellee was prepared with Microsoft Word for Mac 2011 and that according to that program's word-count function, the entire brief contains 1783 total words. I further certify the body text is Century Schoolbook 14 point font.

_Timothy  J.  Mason_
Timothy J. Mason
Andrews County / District Attorney